**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6144**

———————

JEAN BERNARD GERMAIN,

                Plaintiff - Appellant,

      v.

BOBBY SHEARIN; JAMES HOLWAGER; LIEUTENANT HARBAUGH; SERGEANT
SMITH; BRUCE A. LILLER; SERGEANT MCALPINE; LAURA MOULDEN,

                Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge. (1:11-cv-01613-JFM)

———————

Submitted: April 28, 2014          Decided: May 2, 2014

———————

Before GREGORY, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jean Bernard Germain, Appellant Pro Se.  Stephanie Judith Lane-
Weber, Assistant Attorney General, Baltimore, Maryland, for
Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean Bernard Germain appeals a district court order granting summary judgment to Sergeant Smith. We review de novo a district court's grant of summary judgment, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We affirm.

A viable claim that a prison official did not provide adequate medical care has an objective and subjective component. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The plaintiff must show that the official acted with deliberate indifference to a serious medical need. Id. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id., (internal quotation marks omitted). An official acts with deliberate indifference when he knows of and disregards the risk posed by the serious medical need. Id. Mere negligence is not deliberate indifference. Id. Deliberate indifference has two aspects. It must be shown that the officer had "*actual knowledge of the risk of harm* to the inmate" and that the

2

officer must have "recognized that *his actions were insufficient* to mitigate the risk of harm. <u>Id.</u> (internal quotation marks omitted).

We conclude that the record does not show that there was a genuine dispute on the issue of whether Sergeant Smith recognized that his actions were insufficient to mitigate the risk of harm. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>